IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMED G. BAH, | : | |
| Petitioner | : | No. 4:20-cv-01374 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Arbuckle) |
| WARDEN CLAIR DOLL, | : | |
| Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court in the above-captioned action are: (1) the October 20, 2020 Report and Recommendation of Magistrate Judge Arbuckle (Doc. No. 10), recommending that this Court grant in part and deny in part Petitioner Mohamed G. Bah ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1); and (2) Respondent Warden Clair Doll ("Respondent")'s partial objection to the Report and Recommendation (Doc. No. 11). Respondent filed a brief in support of his objections to the Report and Recommendation on November 3, 2020 (Doc. No. 12), Petitioner filed a brief in opposition on November 17, 2020 (Doc. No. 13), and Respondent filed a reply brief on December 1, 2020. (Doc. No. 14.) As Respondent's objections have been fully briefed (Doc. Nos. 12, 13, 14), and the time for filing objections has expired, the Report and Recommendation is ripe for disposition.

In his Report and Recommendation (Doc. No. 10), Magistrate Judge Arbuckle found that Petitioner's detention by United States Immigration and Customs Enforcement ("ICE") had been unreasonably prolonged and that Petitioner was entitled to an individualized bond hearing before an immigration judge (id. at 11-12).[1] To the extent that Petitioner sought relief based on his

---

[1] Petitioner is a native and citizen of Sierra Leone. (Doc. No. 8-1, Exh. 1 at 3). On October 18, 2019, an immigration judge ordered Petitioner's removal as a result of Petitioner's commission of various criminal offenses. (Id., Exh. 4 at 2.)

conditions of confinement due to the COVID-19 pandemic, Magistrate Judge Arbuckle determined that Petitioner failed to demonstrate that his conditions of confinement rose to the level of an unconstitutional punishment or that prison officials had acted with deliberate indifference to any risks posed by COVID-19. (Id. at 21, 23.) Accordingly, Magistrate Judge Arbuckle recommended that the Court grant the habeas petition (Doc. No. 1) to the extent of ordering an individualized bond hearing and deny the petition in all other respects (Doc. No. 10 at 23).

Respondent's objections to the Report and Recommendation are narrow. Respondent asserts that "[t]he [United States Court of Appeals for the] Third Circuit's denial of [Petitioner]'s Motion to Stay Removal triggered the start of the removal period on September 14, 2020, and [Petitioner] shifted on that date to post-final order detention status." (Doc. No. 12 at 5.) Respondent therefore argues that the Court should decline to adopt the Report and Recommendation insofar as it recommends that the Court order a bond hearing because "[i]n light of Bah's new detention status of post-final order, any recommended relief regarding his mandatory pre-final order detention has been rendered moot." (Id.) In Petitioner's opposition to Respondent's objections, Petitioner argues that his post-final order status nonetheless entitles him to a bond hearing pursuant to Guerrero-Sanchez v. Warden York County Prison, 905 F.3d 208 (3d Cir. 2018) (Doc. No. 13 at 1-2), to which Respondent notes that Petitioner received a Guerrero-Sanchez hearing on November 30, 2020, at which time an immigration judge denied Petitioner bond after determining that he is a danger to the community and a flight risk. (Doc. No. 14 at 3-4; Doc. No. 14-2.) Finally, Respondent notes that Petitioner's removal has been scheduled "for a date in the immediate future via charter plane to Sierra Leone" and that, "on

November 30, 2020, the Third Circuit denied [Petitioner]'s most recent request for a stay of removal." (Doc. No. 14 at 4; Doc. No. 14-3.)

Having carefully reviewed Respondent's objections to the Report and Recommendation, the parties' arguments, and the applicable law, the Court agrees with Respondent that the change in Petitioner's detention status rendered moot any recommended relief regarding Petitioner's pre-final order detention. See Ufele v. Holder, 473 F. App'x 144, 146 (3d Cir. 2012) (holding that a habeas challenge to pre-final order detention was rendered moot by a change to post-final order status). Further, insofar as Petitioner asserts that he is entitled to a post-final order bond hearing pursuant to Guerrero-Sanchez, he has already received one.

Accordingly, the Court will sustain Respondent's objections and decline to adopt Magistrate Judge Arbuckle's recommendation that Petitioner receive an individualized bond hearing. The Court will adopt the Report and Recommendation as to all remaining determinations.

**AND SO**, on this 9th day of December 2020, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. Respondent's objections to the Report and Recommendation of Magistrate Judge Arbuckle (Doc. No. 11) are **SUSTAINED**;

2. The Court **DECLINES TO ADOPT** the Report and Recommendation (Doc. No. 10) to the extent that it recommends that Petitioner be afforded an individualized bond hearing;

3. The Court **ADOPTS** the Report and Recommendation to the extent that it recommends that the Court deny the pending petition for a writ of habeas corpus (Doc. No. 1);

4. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**; and

5. The Clerk of Court is directed to **CLOSE** the above-captioned action.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania